# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SYMONS CORP. a Division of Dayton Superior, an Ohio Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STRICKLAND SUPPLIES, INC., a Florida Corporation,<br><br>    Defendant. | No. 06 C 0403<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Defendant Strickland Supplies, Inc. ("Strickland") contracted to rent shoring and concrete products from Plaintiff Symons Corporation ("Symons") for rental to customers; a practice sometimes referred to as "rent to re-rent." Symons filed suit against Strickland for payment on goods sold and delivered. The sole issue of the dispute is the amount of money owed to Symons by Strickland.

Symons' principal business activities are located in Des Plaines, Illinois, but it has offices elsewhere, including Florida. Strickland is a Florida corporation with ten employees and operates out of one office in Jacksonville, Florida. Strickland's business dealings with Symons were done solely through Symons' representatives operating out of Florida, and all products were delivered to locations and customers in Florida.

Symons received, reviewed, and approved Strickland's credit application in Illinois. It generated Strickland's billing in Illinois. All of Strickland's payments were received and applied to Strickland's account at Symons' Des Plaines office in Illinois. When the account became delinquent collection efforts, including payment demands, were directed from Des

Plaines. Symons received correspondence[1] and telephonic communications from Strickland in Illinois. Evidentiary documents and Symons' principal witnesses are located in Illinois. Strickland's owner, employees, and agents have never traveled to Illinois in connection with its business dealings with Symons, although Strickland knew that Symons' principal place of business was located in Illinois. Strickland believes that in the last five years it has written or orally communicated with less than twenty entities in Illinois. Neither party suggests that any of these communications are related to the present issue. Strickland has purchased products and services from some Illinois entities. It has not sold any products in Illinois, nor contracted with entities in Illinois, other than Symons, in the last five years. Strickland has no assets, property, or bank accounts in Illinois.

*Personal Jurisdiction*

Plaintiff Symons has the burden of demonstrating personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In order to defeat Defendants' motion to dismiss for lack of personal jurisdiction, Plaintiff Symons need only make a prima facie showing. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In reviewing the complaint and affidavits, I must draw all reasonable inferences in favor of Plaintiffs. *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 911 (N.D. Ill. 2002). Furthermore, when faced with conflicting evidence, I must resolve factual disputes in the Plaintiff's favor. *RAR, Inc.*, 107 F.3d at 1272.

---

[1] Strickland asserts that it does not believe it has sent written correspondence or faxes to Symons' Illinois office and that all written correspondence and faxes appeared to have originated from locations other than the Illinois office. For the purposes of this motion, however, I must decide all factual disputes in favor of Symons. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997).

In a case based on diversity of citizenship, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *Hyatt*, 302 F.3d at 713. In Illinois, the long-arm statute extends personal jurisdiction to the limit allowed under the due process clause of the Fourteenth Amendment. 735 ILCS 5/2-209(c); *Sutherland v. Cybergenics Corp.*, 907 F. Supp. 1218, 1221 (N.D. Ill.1995). Thus, the court's inquiry is whether the district court could assert personal jurisdiction over the defendant consistent with due process. *Sutherland*, 907 F. Supp. at 1221. Due process requires that a defendant have "minimum contacts" with a forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant establishes "minimum contacts" through actions demonstrating purposeful availment of "the privilege of conducting activities within the forum." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Moreover, the defendant should "reasonably anticipate being haled into court" in the forum as a result of these minimum contacts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A federal district court may exercise two types of jurisdiction over an out-of-state defendant: general and specific. *Glass v. Kemper Corp.*, 930 F. Supp. 332, 338 (N.D. Ill.1996).

### A. *General Jursidiction*

For general jurisdiction, a defendant must have "continuous and systematic" contacts with the forum. *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Only when "continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely

distinct from those activities" may a court assert general jurisdiction over a corporate defendant. *Int'l Shoe Co.*, 326 U.S. at 318.

Symons' reply devotes a single line to the issue of general jurisdiction ("[i]n addition its [sic] has additional contacts with other Illinois business entities"). Strickland has bought products and services from a few Illinois entities. Mere purchases, however, even if they occur at regular intervals, are not enough to warrant general jurisdiction. *Helicopteros Nacionales de Colom., S.A.*, 466 U.S. at 418. Strickland had no contracts with any Illinois entities besides Symons. In the past five years it has not sold any products or services within Illinois. Strickland's contacts are not sufficient to give rise to general jurisdiction within the State of Illinois.

### B. Specific Jurisdiction

Illinois courts may assert personal jurisdiction over a non-resident when granted by the Illinois long-arm statute and not in conflict with the Constitutional requirements of the due process clause. *Heritage House Rests., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir. 1990). Only the actions of the defendant are considered when making this determination. *Ideal Ins. Agency, Inc. v. Shipyard Marine, Inc.*, 572 N.E.2d 353, 357 (Ill. App. Ct. 1991). Because Illinois' long-arm statue extends personal jurisdiction to the limits allowed under due process, I must consider whether the assertion of personal jurisdiction would be consistent with due process. *Sutherland*, 907 F. Supp. at 1221. Three criteria determine whether a court's jurisdiction over a nonresident defendant satisfies due process: whether the nonresident defendant had minimum contact with the forum state such that he could reasonably anticipate being haled into court there, whether the action arose out of or relates to the defendant's contacts

with the forum, and whether it is reasonable to require the defendant to litigate in the forum state. *Spartan Motors, Inc. v. Lube Power, Inc.*, 786 N.E.2d 613, 617 (Ill. App. Ct. 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Strickland does not have sufficient minimum contacts with Illinois for the Illinois courts to assert personal jurisdiction. Strickland's principal place of business and only office are located in Florida. Strickland dealt with Symons' representatives based out of Symons' Florida offices. The contract was performed in Florida. Strickland's owner, employees, and agents never traveled to Illinois in connection with its business dealings with Symons, and Strickland has no assets, property, or bank accounts in Illinois.

Symons attempts to base jurisdiction on actions it undertook in Illinois, in the course of its relationship with Strickland. Symons directed billings and collection efforts, including demands for payment, from Illinois. It applied Strickland's payments in Illinois. It also serviced and maintained Strickland's account in Illinois. None of these facts are relevant to this motion. One party's unilateral acts in a forum cannot create personal jurisdiction over another party, regardless of whether they were foreseeable. *World-Wide Volkswagen Corp.*, 444 U.S. at 298. The fact that the Symons' Florida agents channeled their internal business activities through Illinois does not create personal jurisdiction.

To connect Strickland to the State of Illinois, Symons notes that Strickland's credit application was received, reviewed, and approved in Illinois. Symons claims that Strickland "applied for . . . credit approval from the Illinois location." However, Symons' credit application clearly instructs Strickland to submit the application to the local Symons office (in this case, in Florida), and the fax header on the bottom of the third page reads "Symons Corp Miami."

For the purposes of this motion I must resolve disputed facts in a light most favorable to the Plaintiff. However, almost all of the facts relied on by Symons to establish jurisdiction involve their own actions in processing claims, and the few facts involving Strickland's actions are not sufficient to establish personal jurisdiction. It appears that Strickland corresponded with Symons' Florida offices, which then forwarded the documents to Symons' Illinois office where the documents were processed. Symons often notes that documents were "received" in Illinois, but never claims Strickland "sent" them to Illinois. Symons' internal procedures for reviewing documents do not establish jurisdiction where it otherwise fails to exist.

Symons does assert one relevant fact in support of jurisdiction in Illinois. "Correspondence as well as telephonic communications were received from Strickland in Des Plaines, IL[.]" By itself, this correspondence is insufficient to create personal jurisdiction in Illinois. While even a single transaction may suffice for jurisdiction, that transaction must: (1) give rise to the cause of action and (2) be one by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State and voluntarily invokes the benefits and protections of the State's laws. *Gordon v. Tow*, 498 N.E.2d 718, 721 (Ill. App. Ct. 1986) (citation omitted). There is no indication that the correspondence led to Strickland's non-payment. Plaintiff does not claim that this correspondence led to the breach alleged in this complaint.

A similar situation arose in *Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566 (7th Cir. 1989). In *Asset Allocation*, Defendant Western's acts of mailing payments, making one phone call, and sending several letters of inquiry and complaint to the Plaintiff's Illinois office did not constitute "transacting business" and were not sufficient to establish

personal jurisdiction under the Illinois long-arm statute. Id. at 569-570. No Western employee traveled to Illinois and Asset originally sent representatives to California to solicit the contract with Western. Id. at 569. Significantly, the contract itself was entered into in California. *Id*. The securities at issue, in which Asset advised Western to invest, were located in California. *Id*. In finding a lack of jurisdiction in *Asset Allocation*, Judge Posner differentiated the facts in *Asset Allocation* from those in *Cook Assocs., Inc. v. Colonial Broach & Mach. Co.*, 304 N.E.2d 27 (1973), which found personal jurisdiction based on a single phone call. In *Cook* the Defendant called the Plaintiff in Illinois for the purpose of forming a contract, whereas in *Asset Allocation* the contract was signed in California and there were insufficient contacts to constitute "transacting business." *Asset Allocation & Mgmt. Co.*, 892 F.2d at 570.

Strickland has even fewer contacts with Illinois than the defendant in *Asset Allocation*. Like Western, Strickland sent written correspondence and made phone calls to Symons' Illinois office (although the evidence presented by both parties suggests only one phone call and one or two letters). Symons, like Asset, went to Strickland's home state to deal with Strickland, and the contract was performed there as well. Whereas Western sent payments to Illinois, Strickland did not. Unless the contract was entered into in Illinois, these correspondences do not establish that Strickland was "transacting business" under the Illinois long-arm statute. *See Asset Allocation & Mgmt. Co.*, 892 F.2d at 570. Strickland asserts generally that they dealt only with Symons' Florida representatives, and Symons does not claim the contract was negotiated or signed in Illinois.

The Illinois long-arm statute has been expanded to the limits of due process. Nonetheless, Constitutional due process does not permit Illinois courts personal jurisdiction over

7

Strickland. Jurisdiction is only proper when the defendant's "conduct and connection" with the forum constitute such "minimum contacts" that the party "should reasonably anticipate being hailed into court there." *Burger King Corp.*, 471 U.S. at 474. The foreseeability of causing "injury" in the forum does not establish minimum contacts. *Burger King Corp.*, 471 U.S. at 474. "Merely directing or conducting an activity with a resident of Illinois does not create personal jurisdiction." *Buske Lines, Inc. v. Thermo King Michigan, Inc.*, 960 F. Supp. 170, 174 (C.D. Ill. 1997). The activity must "invok[e] the benefits and protections of [Illinois] law.'" *Burger King Corp.*, 471 U.S. at 475. Telephone calls and written correspondence alone are not sufficient contacts to establish jurisdiction, unless made by the defendant for the purpose of initiating a business transaction and the contract was to be performed in the forum state. *Buske Lines, Inc.*, 960 F. Supp. at 174. All business dealings between the parties took place in Florida, and the contract originated in Florida. The phone call and correspondence alone do not meet the requirements of minimum contacts, nor does the fact that Symons felt the harm in Illinois. I find Strickland has insufficient contacts with the State of Illinois to establish personal jurisdiction.

I must decide to dismiss the case or transfer to a forum which has proper jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (a transfer in the interest of justice may occur regardless of whether the transferring court has personal jurisdiction). In this case, the parties recognize there is a claim and only dispute the amount owed. I therefore transfer this case to the Middle District of Florida.

For these reasons, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is granted. The case is transferred to the Middle District of Florida.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 18, 2006